Leonard Leigh Finz, J.
This is a motion for summary judgment based upon affidavits and documents in lieu of a complaint. It appears that the procedural differences obstructing this motion for summary judgment have, at last, been overcome, jurisdiction has been obtained over the defendants and the court can now address itself to the substance of this motion. The background of this action is as follows:
The plaintiff had filed a demand for arbitration against the defendants in the State of New Jersey pursuant to certain leases wherein the plaintiff was the landlord and the defendants were tenants. The arbitration was strongly contested and hearings were held before the arbitrators. In such arbitration, the defendants herein were represented by the attorney who appears for them and represents them in this action. After the arbitration was held, the arbitrators, on May 19, 1976, awarded judgment to the plaintiff herein against the defendants. The plaintiff applied to the court in Essex County to confirm the arbitrators’ award and in such application the court directed that service be made upon the attorney for the defendants. The defendants defaulted in such proceeding and *758 judgment was entered on June 13, 1976 in the sum of $49,735.24 against the defendant, Aim Consolidated Distribution, Inc., and in the sum of $12,425.39 against the defendant, Aimot Air/Sea Co., Inc. The plaintiff has obtained an order of attachment, issued by the Hon. William G. Giaccio, of this court, on February 24, 1977 against certain assets of the defendants.
The defendants appear herein and oppose this application on the ground that the application to confirm the arbitrators’ award was a new action and required service upon the defendants in order to obtain jurisdiction and that service upon the attorney for the defendants was ineffectual to accomplish this purpose.
Moreover, the attorney for the defendants states in his affidavit an application was previously made to vacate the judgments entered in New York for lack of jurisdiction and that the judgments were vacated by order of Mr. Justice Stecher sitting in Special Term, New York County, on the ground that the judgments heretofore entered were not entitled to full faith and credit where they were entered on default citing CPLR 5401 et seq. The basis of that decision and order was that the plaintiff herein had filed a judgment pursuant to CPLR 5402 which provides for the filing of a foreign judgment duly authenticated in the office of any county clerk of the State. The judgment, upon filing, would be required to be accompanied by an affidavit stating that the judgment was not obtained by default in appearance or by confession. Since the judgments obtained in New Jersey were obtained, technically, by default, the procedure originally followed was, as Mr. Justice Stecher pointed out, inappropriate.
Accordingly, the plaintiff instituted this action, obtained jurisdiction by service upon the defendants in a manner directed by the court, it attached certain assets of the defendants and now seeks summary judgment in such action based upon the judgments procured in the State of New Jersey.
The fact of the matter is that jurisdiction of the parties was properly obtained in New Jersey. It is pointed out in the affidavit that subdivision (b) of section 39 of the Commercial Arbitration Rules of the American Arbitration Association provides: 'Each party to an agreement which provides for an arbitration under these Rules shall be deemed to have consented that any papers, notices or process necessary or proper *759 for the initiation of continuation of an arbitration under these Rules and for any court action in connection therewith or for the entry of judgment on any award made thereunder may be served upon such party by mail addressed to such party or his attorney at his last known address or by personal service, within or without the state wherein the arbitration is to be held [whether such party be within or without the United States of America], provided that reasonable opportunity to be heard with regard thereto has been granted such party.” (Emphasis supplied.)
Pursuant to such provision, the court in New Jersey in the proceeding brought to confirm the arbitrators’ award directed that the order to show cause why judgments should not be entered be served upon the attorney for the defendants herein. Thus the court in New Jersey had jurisdiction of the parties despite the fact that the judgments were entered by default. Consequently, such judgments are entitled to full faith and credit under the Constitution of the United States (art IV § 1; Battle v General Cellulose Co., 23 NJ 538).
Since no valid opposition has been interposed herein except as to the question of jurisdiction and the court having resolved that issue, the motion for summary judgment is granted.